IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD JOSEPH WEST | § | |
| | § | |
| v. | § | 2:11-CV-273 |
| | § | |
| UNITED STATES GOVERNMENT | § | |

**REPORT AND RECOMMENDATION TO**
**DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Defendant has filed with this Court a handwritten "Motion for Petition of Writ of Habeas Corpus, Appointment of Counsel, and an Evidentiary Hearing for Status/Justice Interests." The motions for appointment of counsel and for an evidentiary hearing are disposed of by separate order. For the reasons articulated below, the undersigned recommends the habeas corpus petition be DISMISSED.

As an initial matter, defendant has represented to the Court that his mailing address is the Randall County Jail in Texas. The online Federal Inmate Database Locator, however, indicates Mr. West is now confined at a facility in Oklahoma City, Oklahoma. Defendant's failure to keep the Court apprised of his proper mailing address is in violation of this Court's Local Rules and is an indicator to the Court that defendant has abandoned these proceedings. *See* Local Rules, United States District Court for the Northern District of Texas, Rule 83.13(a), effective Sept. 1, 2011.

In any event, the Court has reviewed all of the pleadings filed by defendant, including document 5, the "Response to Briefing Order," and document 6, a lengthy letter written by defendant on November 23, 2011. It appears from all of these documents that defendant challenges his pre-revocation confinement.

A federal court may not issue a ruling in a case unless it has subject matter jurisdiction over the issues presented therein. In order for a federal court to have subject matter jurisdiction over a case, the issues presented in the case must be ripe for review. For an issue to be ripe for adjudication, a defendant must show that he "will sustain immediate injury," and "that such injury would be redressed by the relief requested." *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 81, 98 S.Ct. 2620, 2635, 57 L.Ed.2d 595 (1978). In this case, and based solely upon the pleadings before the Court, it appears defendant's parole has not yet been revoked. There is no basis for a habeas corpus challenge to the parole commission's *potential* revocation of parole. Stated differently, defendant has not suffered injury redressible in habeas corpus until his parole has been finally revoked. *See id.*, 98 S.Ct. at 2635. Consequently, this petition is premature, and the Court lacks subject matter jurisdiction in this case. *See id.*, 98 S.Ct. at 2635; *Sheptin v. United States Parole Com'n*, 61 Fed. Appx. 919, 2003 WL 1108941, at *1 (5th Cir. 2003) (holding a federal district court does not have subject matter jurisdiction in 28 U.S.C. § 2241 habeas corpus proceedings when the challenged parole revocation proceedings have not yet occurred).

If parole proceedings have occurred, and defendant's parole has been revoked, defendant is directed to advise the Court of this development within fourteen days of the day this Report and Recommendation is signed.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by defendant DONALD JOSEPH WEST be DISMISSED WITHOUT PREJUDICE.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of April, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).